```
            THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION

LORI RILEY,                    §
                               §
     Plaintiff,                §
                               §
v.                             §    CIVIL ACTION NO. 4:17-cv-____
                               §
HUNTSVILLE INDEPENDENT         §
SCHOOL DISTRICT,               §
                               §
     Defendant.                §
```

ORIGINAL COMPLAINT

SUMMARY OF SUIT

1. Plaintiff Lori Riley ("Riley") was formerly employed by Huntsville Independent School District ("HISD") as an Administrative Assistant. Riley was a non-exempt, hourly employee, but was not paid overtime compensation for hours Riley worked in excess of forty (40) hours per week.

2. Accordingly, Riley brings this action to recover unpaid overtime wages, liquidated damages, and attorneys' fees owed to her under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. Section 216(b)(2017).

JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 29 U.S.C. Section 216(b)(2017) and 28 U.S.C.A. Sections 1331 and 1367 (2017).

4. Riley files this complaint in the district in which a substantial part of the events or omissions giving rise to the claims occurred, in which she and HISD reside, and in which the conduct complained of here occurred. As such, venue is proper in

this district pursuant to 28 U.S.C.A. Section 1391(b)(2)(2017).

## THE PARTIES

5.   Riley, an individual residing in Huntsville, Texas, was employed with HISD within the meaning of the FLSA during the three-year period preceding the filing of this complaint.  In performing her duties, Riley engaged in commerce or in the production of goods for commerce.

6.   HISD is an enterprise engaged in commerce within the meaning of the FLSA and has acted, directly or indirectly, in the interest of an employer with respect to Riley.  HISD may be served with citation by serving its Superintendent of Education, Dr. Howell Wright441 FM 2821 East, Huntsville, Texas 77320.

## BACKGROUND

7.   Riley was employed by HISD as an administrative assistant from April, 2014 through February, 2017.  Riley provided clerical services for HISD's administrative staff and was classified as non-exempt.  Unfortunately, Riley regularly worked overtime hours but was not paid for her time.

8.   Simply put, Riley, a non-exempt employee, was not compensated for hours worked over forty (40) each workweek despite the fact that she was entitled to be paid time-and-a-half for all hours worked in excess of forty hours in a workweek. 29 U.S.C. Section 207(a)(2017).

CAUSES OF ACTION

A. Violations of the FLSA - Overtime

9. As a non-exempt employee, Riley was entitled to be paid at time and-a-half for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C.A. Section 207(a) (2017). Accordingly, HISD's practice of failing to pay Riley one and one-half times her appropriate regular rate for overtime hours worked was and is in violation of the FLSA.

10. No exemption excuses HISD from paying Riley overtime rates for working over forty (40) hours per week. Nor has HISD made a good faith effort to comply with the FLSA. As such, HISD knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Riley.

11. Accordingly, Riley is entitled to overtime pay in an amount which is one and one-half times her appropriate regular rate.

12. Additionally, Riley is entitled to an amount equal to all of her unpaid overtime wages as liquidated damages.

13. Finally, Riley is entitled to the reasonable attorneys' fees and costs incurred as a result of this action. 29 U.S.C.A. Section 216(b)(2017).

PRAYER

WHEREFORE, Riley requests that this Court award her judgment

against Defendant Hunstville Independent School District for:

    a.    damages for the full amount of her unpaid overtime compensation;

    b.    an amount equal to her unpaid overtime compensation as liquidated damages;

    c.    reasonable attorneys' fees, costs and expenses of this action;

    d.    pre-judgment interest and post-judgment interest at the highest rates allowable by law; and

    e.    such other and further relief as may be allowed by law.

Respectfully submitted,

/S/ Mark Siurek
Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond, Suite 100
Houston, Texas  77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3334 Richmond, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com